UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In re                           :
                                :
SOLOMON DWEK, et al.            :    Civil Action No. 10-5952 (JAP)
                                :
                                :    **OPINION**
                                :

PISANO, District Judge.

This is an appeal by Barry Kantrowitz of an Order of the Bankruptcy Court dated August 4, 2010, denying a motion to dismiss the Chapter 11 cases of Corbett Holdings I, LLC ("Corbett") and Ocean Circle Holdings, LLC ("Ocean," together with Corbett, the "LLCs"). Kantrowitz had moved in the Bankruptcy Court to dismiss the cases pursuant to 11 U.S.C. § 1112(b)(1), asserting that Solomon Dwek, who filed the bankruptcy petitions on behalf of Corbett and Ocean, did not have authority to do so. Charles A. Stanziale, Jr., the Liquidating Trustee (the "Trustee") in the Dwek's own Chapter 11 case, has filed a responsive brief on this appeal. For the reasons below, this Court affirms the decision of the Bankruptcy Court.

I. Background

On February 9, 2007 ("Petition Date"), creditors of Solomon Dwek filed an involuntary petition for relief under Chapter 7 of the bankruptcy code. The case was later converted to one under Chapter 11, and Charles A. Stanziale, Jr. was appointed Trustee. According to Kantrowitz, as of the Petition Date, he and Dwek were the only members of Corbett and Ocean. In 2009, the Trustee commenced an adversary proceeding, pending as of

the date of this appeal, seeking to avoid Kantrowitz's membership interests in the LLCs as fraudulent transfers.

On April 3, 2009, and November 17, 2009, respectively, Dwek caused Corbett and Ocean to commence Chapter 11 bankruptcy cases.  Kantrowitz filed his motion to dismiss these cases on February 17, 2010.  The basis for Kantrowitz's motion was his assertion that when Dwek became a debtor under the bankruptcy code, Dwek lost his legal ability to participate in the management of the Corbett and Ocean (and thus, lost the ability to cause them to file a petition in bankruptcy) by virtue of New Jersey's Limited Liability Act, N.J.S.A. 42:2B-1, *et seq*.  As such, Kantrowitz argued that the Bankruptcy Court lacked subject matter jurisdiction as to the cases.

In an Opinion and Order dated August 4, 2010, the Bankruptcy Court concluded that it was premature to rule on the legal issues presented by Kantrowitz's motion.  The Court noted that before it could rule on the issue, "it would have to make the threshold determination of whether Kantrowitz has an actual interest in the LLCs."  Opinion at 2.  The Bankruptcy Court was also faced with an alternative cross-motion by the Trustee to consolidate the the LLCs with the Solomon Dwek bankruptcy estate, and if in addressing that motion the court "were to conclude that there are grounds to substantively consolidate the Dwek bankruptcy proceeding with the assets of the LLCs … then the motion to dismiss the LLCs would be moot."  *Id.*  As noted by the Bankruptcy Court, according to the Second Amended Chapter 11 Plan of Liquidation that was confirmed, the question of the substantive consolidation of the Dwek estate and the LLC estates was to be determined in the Kantrowitz adversary proceeding.  *Id.*

Consequently, "[g]iven the interrelated nature of issues in the adversary proceeding in the main bankruptcy cases and the fact that significant factual disputes exist with regard to the

ownership of the LLCs," the Bankruptcy Court determined that the "most efficient course of action" would be to make the determination of Kantrowitz's interest in the LLCs as part of the adversary proceeding brought by the Trustee. As such, the Court denied the motion to dismiss "without prejudice to Kantrowitz's right to pursue dismissal should he be successful in the adversary proceeding." *Id.* at 3. This appeal followed.

II. Jurisdiction and Standard of Review

A district court has appellate jurisdiction over a the final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a) (1).[1] "The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *In re Beers*, 2009 WL 4282270, *3 (D.N.J. 2009) (quoting *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 157 (D.N.J. 2005). A district court reviews "the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)).

III. Analysis

Appellant characterizes the nature of the "broad issue" raised by this appeal as "whether a bankrupt member of a multi-member New Jersey limited liability company may lawfully authorize the limited liability company to file for bankruptcy protection." Appellant

---

[1] While the Trustee notes in its brief that it appears arguable that the Bankruptcy Court's decision appealed from in this case is not a "final" order as required by 28 U.S.C. § 158(a)(1), *see* Trustee Brf. at 5 n.1, in light of the Third Circuit's decision in *In re Brown*, where the court stated that "an order denying a motion to dismiss a Chapter 11 proceeding is a final order within 29 U.S.C. § 158(a)," the Court shall exercise jurisdiction over this appeal. 916 F.2d 120, 124 (3d Cir. 1990).

Brf. at 1. He asserts that this Court should reverse the Order of the Bankruptcy Court and dismiss the bankruptcy cases of Corbett and Ocean because: (1) Solomon Dwek had no legal authority to cause the LLCs to file for bankruptcy protection; (2) because Dwek had no legal authority to commence the bankruptcy cases, the Bankruptcy Court erred in failing to dismiss the LLCs cases for lack of subject matter jurisdiction; (3) the Bankruptcy Court erred in holding that the question of its subject matter jurisdiction must await the outcome of the Trustee's attempt to avoid Kantrowitz's membership interest's in the LLCs; and (4) the Bankruptcy Court erred in holding that the question of its subject matter jurisdiction must await the outcome of the Trustee's attempt to substantively consolidate the LLCs with the Dwek estate.

In addressing these arguments, the majority of Appellant's brief focuses upon the substantive legal issues raised by his motion to dismiss, in particular, whether Dwek had the authority to file petitions for the LLCs. However, in doing so, Kantrowitz overlooks the primary issue on this appeal. The Bankruptcy Court did not rule substantively on the legal issues raised by Appellant's motion. Rather, the court decided, in the interest of judicial efficiency, that a decision on Dwek's authority vis-à-vis the LLCs should await certain determinations which would be made in further proceedings. Thus, presently before this Court is the question of whether the Bankruptcy Court abused its discretion by, in effect, deferring its decision on the legal issues raised by Appellant's motion until these threshold determinations were made. The Court finds that it did not.

Generally, "an abuse of discretion exists where the [Bankruptcy C]ourt's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re 15375 Memorial Corp. v. Bepco, L.P.*, 589 F.3d 605, 616

(3d Cir. 2009) (quotations and alterations omitted). Here, however, it can be said that the Bankruptcy Court's decision was an exercise of its inherent power to control its docket, and under the applicable abuse of discretion standard, the Court "will not interfere with a [Bankruptcy C]ourt's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re Fine Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (quotations omitted). In either case, the Court finds that the Bankruptcy Court acted within its discretion in determining that resolution of the question of Dwek's authority – the central issue raised by Kantrowitz's motion to dismiss – should await the Bankruptcy Court's resolution of certain threshold issues.

As the Trustee notes, Kantrowitz's argument that Dwek lacked authority with repect to the LLCs is premised upon the assertion that the LLCs are multi-member limited liability companies. *See*, *e.g.*, Record Ex. 2 (Brief in Support of Motion of Barry Kantrowitz For Entry of an Order Dismissing Chapter 11 Cases) at 2-3 ("Further, Kantrowitz did not and does not consent to Dwek's or the Trustee's participation in the management of the affairs of the LLCs. Therefore[,] Dwek had no right to cause the LLCs to commence their bankruptcy cases.") and at 5 ("Here, each of the LLCs is a multi-member LLC"). Based on case law cited in Appellant's brief to the Bankruptcy Court, there is a colorable argument that were it found that Kantrowitz lacked a legitimate interest in the LLCs, Dwek would have had the authority that Appellant claims was lacking. *See Modanlo v. Mead (In re Modanlo)*, 2006 WL 4486537 (D. Md. 2006) (finding that the chapter 11 trustee of a member of a single-member Delaware limited liability company had legal authority to cause the limited liability company to file for

5

bankruptcy).  As such, a determination of Kantrowitz's interests in the LLC is threshold to determining whether Dwek had authority to cause the LLCs to file for bankruptcy protection.

Furthermore, the Bankruptcy Court had before it a motion to consolidate the LLCs and Dwek estate.  If the Bankruptcy Court were to grant such a motion and determine that the LLCs should be substantively consolidated with the Dwek estate, there appears to be no dispute that Appellant's motion to dismiss would be moot.  According to the Second Amended Chapter 11 Plan of Liquidation that was confirmed, a determination on the question of substantive consolidation will be made in the Kantrowitz adversary proceeding.

Finally, the Court sees no substantial prejudice to Appellant, who may renew his motion to dismiss before the Bankruptcy Court at the appropriate time.  Consequently, the Court finds no abuse of discretion in the Bankruptcy Court's determination that "the most efficient course of action" would be to have certain threshold issues resolved in the adversary proceeding prior to addressing Kantrowitz's motion to dismiss.  The decision of the Bankruptcy Court, therefore, is affirmed.

IV.  Conclusion

For the reasons above, the August 4, 2010 Order of the Bankruptcy Court is affirmed. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated:  March 31, 2011